José González Lueso, Petitioner and Appellant, v. Munici-
pal Court of Ciales, Hon. Luis Martorell, Judge, Re-
spondent and Appellee, and Epifanio Rodríguez Santiago,
Intervenor, Plaintiff in the main suit.

No. 7425. Argued May 1, 1939.—Decided May 31, 1939.

V. Polanco de Jesús for appellant. Angel Rivera Colón for in-
tervenor.

Mr. Justice Wolf delivered the opinion of the Court.

The facts of this case may be found set forth in detail
in our original opinion of December 22, 1938, which was sub-
sequently set aside on motion for reconsideration.

Briefly stated the real question before the court is whether
the mortgage creditor, José González Lueso, who was the de-
fendant in the original action to recover a homestead, should
now be given the option of paying the mortgage debtor, Epi-
fanio Rodríguez Santiago, the sum of $500, or turning over
to him a piece of the foreclosed premises worth $500, in satis-
faction of his homestead right.

The original action in this case was filed with the Mu-
nicipal Court of Ciales and was entitled, "Recovery of Money
(Homestead)" (Cobro de dinero (Homestead)). The defend-
ant in the case took an appeal to the District Court of Are-
cibo which affirmed the judgment of the lower court holding
that the mortgage creditor could pay off the homesteader by
either giving him $500 in cash or by setting-off and transfer-
ring to said debtor a piece of the realty worth that amount.

Fundamentally this pronouncement should have governed the present litigation and obviated all the subsequent proceedings.

The appellant herein first was able to convince the municipal court that it had no jurisdiction to execute its judgment. After this situation was corrected by certiorari, the court of origin issued a general order of execution against González Lueso for the collection of $500. The mortgage creditor then resorted to the district court by a petition for certiorari which was eventually denied, primarily on the ground that the defendant had lost any option which he might originally have had, by his subsequent and alleged dilatory action in the proceeding.

In our former opinion we had some sympathy for the point of view taken by the district court. Furthermore, the transcript of the record on appeal was not a model of what such a transcript should be. Some of the most important documents were incorporated into the record after the briefs had been filed.

It seems to us that this litigation has been unnecessarily extended far beyond its reasonable limits. The issue was clearly decided and the remedy prescribed in the original opinion of the District Court of Arecibo.

After the court in its judgment had recited that the defendant admitted that the complainant had a right of homestead in the property in question, it declared that such right of homestead existed and then described the property which was the object of the suit and the dispositive part of the judgment was as follows:

"The homestead right acknowledged in favor of the plaintiff by the present judgment may be delivered to him by the defendant, either in the statutory sum of five hundred dollars or by conveying to him a portion of said property appraised at such sum."

This judgment was the res adjudicata of this case. The judgment as such has never been attacked, but only some of

894

the proceedings that were attempted to be done by one or other of the parties in the municipal court.

After having heard the appellant once more, we are inclined to grant him another opportunity to comply with the judgment of the District Court of Arecibo. In all probability the best thing that José González Lueso could do would be to pay Epifanio Rodríguez Santiago the sum of $500 conditioned upon the surrender of any claim of homestead.

The judgment of the District Court of Arecibo should be reversed with instructions that the case be remanded to the court of origin for further proceedings not inconsistent with this opinion.

Mr. Justice Hutchison dissented.